UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANIMAL WELFARE INSTITUTE
and FARM SANCTUARY

           Plaintiffs                                            18-CV-6626

vs.

UNITED STATES DEPARTMENT
OF AGRICULTURE and FOOD SAFETY
AND INSPECTION SERVICE

           Defendants

## MEMORANDUM OF LAW

### INTRODUCTION

This Memorandum of Law is submitted on behalf of defendants United States Department of Agriculture ("USDA") and Food Safety Inspection Service ("FSIS") in support of their motion for an order: (i) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), dismissing plaintiffs' complaint for failure to state a claim and lack of subject matter jurisdiction; or, in the alternative, (ii) pursuant to 28 U.S.C. § 1404(a), transferring this case to the District Court for the District of Columbia. This case concerns a request made by plaintiffs to USDA and FSIS under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## STATUTORY BACKGROUND

"FOIA consists of both proactive and reactive provisions. The reactive provision of FOIA mandates that agencies disclose most records upon request." Lipton v. United States Envtl. Prot. Agency, 316 F. Supp. 3d 245, 247 (D.D.C. 2018) (citing 5 U.S.C. § 552(a)(3)). This reactive provision, § 552(a)(3), is the most familiar (and the most frequently-litigated) provision. Lipton, 316 F.Supp.2d at 247. Section 552(a)(3), provides that agencies must "make . . . records promptly available" in response to specific requests by specific individuals or entities. 5 U.S.C. § 552(a)(3)(A).

In addition to the obligation to respond to specific requests under § 552(a)(3), FOIA contains two proactive provisions requiring government agencies to affirmatively make certain types of records available to the public. 5 U.S.C. §§ 552(a)(1), (2). The affirmative disclosure provision at issue in this case – sometimes called the "reading room" provision – requires agencies to make certain records "available for public inspection in an electronic format." U.S.C. § 552(a)(2); Lipton, 316 F.Supp.2d at 247. The specific reading room provision at issue here, 5 U.S.C. § 552(a)(2)(D), applies to certain records that have been "previously released" in response to a FOIA request under § 552(a)(3). Specifically, it provides that agencies shall make available for public inspection and copying:

> (D) copies of all records, regardless of form or format—
>
> (i) that have been released to any person under paragraph (3); and
> (ii) (I) that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or
> (II) that have been requested 3 or more times.

5 U.S.C. § 552(a)(2)(D). Under this provision, records "that have been released" in response to a FOIA request under 5 U.S.C. § 552(a)(3) should be made available if those records have

been requested a total of three times, or, the agency determines, are likely to be the subject of future requests.  Lipton, 316 F.Supp.2d at 248.

Even where a disclosure obligation exists, however, not all records must be disclosed or disclosed entirely under FOIA.  The Act contains nine specific exemptions which allow the agency to withhold from disclosure the information falling within such exemptions.  5 U.S.C. § 552(b)(1)-(9).  In light of the language of § 552(b)—"[t]his section does not apply to matters that [fall within an exemption]"—agencies may withhold such exempt information regardless of whether the record falls within the affirmative disclosure provisions of § 552(a)(2), or was requested by an individual under § 552(a)(3).  See e.g., NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 160, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (holding that the attorney work-product privilege applied, and thus the document was exempt regardless of whether it fell within a § 552(a)(2) category).

FOIA, 5 U.S.C. § 552(a)(6)(A)(i), requires federal agencies to respond to FOIA requests within 20 business days of receipt.  If unsatisfied with the response, the FOIA requestor may appeal the agency's decision.  5 U.S.C. § 552(a)(6)(A)(i)(III).  The agency must then decide the appeal within 20 business days of receipt.  5 U.S.C. § 552(a)(6)(A)(ii).  If a FOIA requester is unsatisfied with the agency response, or if the agency fails to respond, the FOIA requester may commence suit in district court.  5 U.S.C. § 552(a)(4)(B); Robert v. Department of Justice, 193 Fed. Appx. 8, 9, 2006 WL 960913 (2d Cir. Apr. 11, 2006) (summary order) (exhaustion of administrative remedies is required before filing suit in federal court).

Upon suit in district court, the courts have jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly

withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Under this provision, "federal jurisdiction is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records." Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). This provision applies to requests for records under all three of FOIA's access provisions, §§ 552(a)(1), (a)(2), and (a)(3). Kennecott Utah Copper Corp. v. Dep't of Interior, 88 F.3d 1191, 1202 (D.C. Cir. 1996).

## SUMMARY OF PLAINTIFFS' ALLEGATIONS

This FOIA action was brought against USDA and FSIS by plaintiffs Animal Welfare Institute and Farm Sanctuary. Plaintiffs allege that, on May 16, 2018, they submitted a FOIA request to the USDA and FSIS requesting the release of "noncompliance records" and "memoranda of interview" generated by the FSIS during the course of its administration and enforcement of the Humane Methods of Slaughter Act, 7 U.S.C. § 1901 et seq., and Poultry Products Inspection Act, 21 U.S.C. § 451 et seq. Dkt. # 1, ¶¶ 8-9, 24-32, 42. Plaintiffs allege that they requested that the USDA and FSIS (i) disclose the requested noncompliance records and memoranda of interview directly to them under 5 U.S.C. § 552(a)(3) and (ii) post the requested records online under the "reading room" provision, 5 U.S.C. § 552(a)(2). Dkt. # 1, ¶ 43.

On July 6, 2018, FSIS provided to plaintiffs "a set of redacted responsive records". Dkt. # 1, ¶ 48. The records released by FSIS to plaintiffs covered the time period of January 2018 to the time of the receipt of the FOIA request (May 2018). Dkt. # 1, ¶ 43. However, plaintiffs allege that the FSIS did not respond to their request to post the records online under § 552(a)(2). Dkt. # 1, ¶ 48. On July 18, 2018, plaintiffs administratively appealed FSIS's alleged failure to address their request to post records online under FOIA's reading room

provision. Dkt. # 1, ¶ 49. FSIS acknowledged plaintiffs' appeal, by letter dated July 31, 2018, but did not make a ruling on the appeal within 20 business days thereof. Dkt. # 1, ¶¶ 50-51.

On the basis of the foregoing allegations, plaintiffs assert a claim under 5 U.S.C. § 552(a)(2), FOIA's reading room provision. Dkt. # 1, ¶¶ 52-54. Plaintiffs do not claim in this action that defendants' response to them under 5 U.S.C. § 552(a)(3) was deficient in any way. Plaintiffs request declaratory and injunctive relief on their claim under 5 U.S.C. § 552(a)(2).

## ARGUMENT

## POINT I

## PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER FOIA

**A.     Standard of Review on a 12(b)(6) Motion**

The Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007) adopted a new standard of review for Rule 12(b)(6) motions. Now, a court must determine whether a complaint alleges "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, such that a court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Thus, the Court imposed two requirements on a plaintiff: (i) that she plead facts and not legal conclusions and (ii) the facts alleged state a plausible claim on its face. Iqbal, 556 U.S. at 678-679. In reviewing a complaint on a 12(b)(6) motion, the district court should first start by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, if there are "well-pleaded factual allegations," the district court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

B.  **Plaintiffs Have Failed To State A Claim Against the USDA And Have Failed To State A Claim Under FOIA, 5 U.S.C. § 552(a)(3)**

    1.  **Applicable Law**

The district courts have "jurisdiction [under FOIA] to compel production when records are 'improperly withheld from the complainant.'" McKevitt v. Mueller, 689 F. Supp. 2d 661, 666 (S.D.N.Y. 2010) (quoting 5 U.S.C. § 552(a)(4)(B)).  "[T]he elements of a FOIA claim are (1) improperly (2) withheld (3) agency records." ExxonMobil Corp. v. Dep't of Commerce, 828 F. Supp. 2d 97, 105 (D.D.C. 2011).  "Judicial authority to devise remedies and enjoin agencies can only be invoked under the jurisdictional grant conferred by [5 U.S.C.] § 552[(a)(4)(B)], if the agency has contravened all three components of this obligation." Marcusse v. U.S. Dep't of Justice Office of Info. Policy, 959 F. Supp. 2d 119, 125 (D.D.C. 2013) (quoting Kissinger, 445 U.S. at 150).

    **2.  Discussion**

Here, plaintiffs allege that they made a FOIA request "to the USDA and FSIS" on May 16, 2018. Dkt. # 1, ¶ 42.  Plaintiffs allege that FSIS responded to plaintiffs' FOIA request and provided them with responsive documents. Dkt. # 1, ¶¶ 47-48.  Unsatisfied with FSIS's perceived failure to respond to plaintiffs' "reading room" request, however, plaintiffs administratively appealed FSIS's determination. Dkt. # 1, ¶ 49. Plaintiffs further allege that "[m]ore than twenty working days have passed since Defendants received Plaintiffs' administrative appeal." Dkt. # 1, ¶ 51.

Notably absent from plaintiffs' complaint are any allegations that the USDA failed to respond to a FOIA request, failed to disclose documents, or did anything in violation of FOIA that could give rise to a cause of action under FOIA.  In short, plaintiffs do not allege that the

USDA "improperly withheld agency records."  Indeed, in their complaint, plaintiffs focus solely on FSIS's FOIA response, FSIS's alleged failure to respond to plaintiffs' reading room request, and FSIS's alleged failure to respond to their administrative appeal.  Because plaintiffs have failed to allege that the USDA violated FOIA, the complaint should be dismissed as against USDA for failure to state a claim under FOIA.[1]

Also, plaintiffs have requested in the relief portion of their complaint that the Court should order the production of non-exempt information directly to the plaintiffs.  Dkt. # 1, p. 18, ¶ 5.  However, plaintiffs have not alleged that the defendants "improperly withheld agency records" from them with respect to their FOIA request under § 552(a)(3).  Accordingly, to the extent that plaintiffs intended to assert a FOIA claim under § 552(a)(3), that claim should be dismissed for failure to state a claim.

**C.**      **Plaintiffs Have Failed To State A Claim Under FOIA's Reading Room Provision**

    **1.**      **Applicable Law**

FOIA's reading room provision "encompasses five categories of documents: (1) final opinions and orders rendered in the adjudication of cases, (2) statements of policy and interpretations which are not published in the Federal Register, (3) administrative staff manuals and instructions, (4) frequently requested documents, and (5) indices of posted records."  People for Ethical Treatment of Animals, Inc. v. U.S. Dep't of Agric., 285 F. Supp.

---

[1] It appears from plaintiffs' complaint that their FOIA request was directed to FSIS only, as a component of the USDA, and not directly to the USDA.  There is caselaw in the D.C. Circuit holding that only agencies, and not their components, may be a defendant in a FOIA suit in district court, [see e.g., Mingo v. U.S. Dep't of Justice, 793 F. Supp. 2d 447, 451 (D.D.C. 2011) (citing cases)], although there is disagreement on that point.  See e.g., Jean-Pierre v. Fed. Bureau of Prisons, 880 F. Supp. 2d 95, 101 (D.D.C. 2012).  If the Court agrees that agency components cannot be sued under FOIA, then, alternatively, FSIS should be dismissed as an improper party under FOIA and the case should be permitted to proceed, if at all, against the USDA.  In any event, plaintiffs cannot go forward with this action against both the USDA and FSIS as they have not stated a separate claim that is actionable against the USDA.

3d 307, 314 (D.D.C. 2018) (citing 5 U.S.C. § 552(a)(2)(A)–(E)). "If a document does not fall within one of these categories, then the agency has no affirmative obligation to post the document—it would only have a reactive obligation to release the document pursuant to a valid FOIA request, see id. § 552(a)(3)(A)." People for Ethical Treatment of Animals, 285 F. Supp. 3d at 314. "Consequently, a plaintiff raising a violation of FOIA's reading room provision must plausibly allege that the withheld records fall within one of these categories in order to properly state a claim." People for Ethical Treatment of Animals, Inc., 285 F. Supp. 3d at 314 (citing Campaign for Accountability v. U.S. Dep't of Justice, 278 F.Supp.3d 303, 313, 319 (D.D.C. Oct. 6, 2017).

Plaintiffs allege here that their claims fall within the fourth category, § 552(a)(2)(D). That section of FOIA's reading room provision, as applicable here, provides that agencies shall make available for public inspection and copying:

> (D) copies of all records, regardless of form or format—
>
> (i) that have been released to any person under paragraph (3); and
> (ii) (I) that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or
> (II) that have been requested 3 or more times.

5 U.S.C. § 552(a)(2)(D). Thus, under 5 U.S.C. § 552(a)(2)(D), plaintiffs must allege that (i) certain documents have been released by the agency at least once; *and* (ii) the agency has determined that such documents "have become or are likely to become the subject of subsequent requests for substantially the same records;" *or* (iii) the documents have been requested at least three times. People for Ethical Treatment of Animals, 285 F. Supp. 3d at 314. Unlike the first three affirmative disclosure obligations under § 552(a)(2), see § 552(a)(2)(A)-(C), which apply generally to identified categories of records, § 552(a)(2)(D) does

8

not even potentially mandate disclosure until a particular record, or a set of records, is actually processed and "released" to a "person" in response to a specific FOIA request under § 552(a)(3). 5 U.S.C. § 552(a)(2)(D)(i). The USDA's regulations likewise make clear that the provision is limited to records that "have been released pursuant to a FOIA request under 5 U.S.C. [§] 552(a)(3)." 7 C.F.R. § 1.4(a)(4). If and only if a record meets this threshold requirement, then it will be subject to disclosure if that "previously released" record has been or likely will be requested multiple times in accordance with § 552(a)(2)(D)(ii). Lipton, 316 F.Supp.2d at 249-251 ("The reading-room provision does not enable plaintiffs to seek all future entries in the Administrator's detailed calendar on a rolling basis; it only requires an agency to make publicly available documents that have already been created, requested, and released in the past.").

**2.   Discussion**

Here, plaintiffs allege that they requested "noncompliance records" and "memoranda of interview" generated by the FSIS during the course of its administration and enforcement of the Humane Methods of Slaughter Act and Poultry Products Inspection Act. Dkt. # 1, ¶ 42. Plaintiffs further allege that they limited that request to such documents that were "generated" by FSIS "from January 2018 until the receipt of Plaintiffs' request." Dkt. # 1, ¶ 43. Plaintiffs' FOIA request was received by FSIS in May 2018. Dkt. # 1, ¶ 47. On July 6, 2018, FSIS provided to plaintiffs "a set of redacted responsive records". Dkt. # 1, ¶ 48. Accordingly, from the allegations contained in plaintiffs' complaint, it appears as though FSIS provided plaintiffs with redacted "noncompliance records" and "memoranda of interview" generated by the FSIS during the course of its administration and enforcement of the Humane Methods of Slaughter Act and Poultry Products Inspection Act covering the time period of

January to May 2018.  Thus, with respect to such documents, plaintiffs have satisfied the first prong of the reading room provision by alleging that FSIS released documents at least once. Lipton, 316 F. Supp. 3d at 251 ("To qualify for publication under [§ 552(a)(2)(D)], records must first 'have been released to any person' under the more familiar, reactive FOIA provision."); cf. People for Ethical Treatment of Animals, 285 F. Supp. 3d at 314–15 ("As an initial matter, PETA nowhere alleges in its complaint that the animal inventories and regulatory compliance records have *ever* been released to any person pursuant to a valid FOIA request.  Thus, the records fail to meet the first requirement to be frequently request records.") (emphasis in original).

As to the second element, plaintiffs allege in ¶ 36 of the complaint that there have been 135 categorical requests for similar documents since 2009.  Dkt. # 1, ¶ 36.  Plaintiffs also allege that plaintiffs and others have requested similar documents from 2004 to the present. Dkt. # 1, ¶ 37.  Plaintiffs further allege that plaintiffs and others have made at least three requests for similar documents since 2016.  Dkt. # 1, ¶ 39.  However, nowhere in the complaint do plaintiffs allege that any other FOIA requestor – let alone three other requestors -- has requested the precise documents that FSIS released to plaintiffs here: redacted "noncompliance records" and "memoranda of interview" generated by the FSIS during the course of its administration and enforcement of the Humane Methods of Slaughter Act and Poultry Products Inspection Act covering the time period of January to May 2018.  Therefore, plaintiffs have failed to show that the documents they received have previously been requested at least three times.  People for Ethical Treatment of Animals, 285 F. Supp. 3d at 315 ("PETA nowhere alleges that the records have been requested more than three times …."); Lipton, 316 F.Supp.2d at 351 ("Thus, § 552(a)(2)(D) equates the "records" that must be published

under the reading-room provision with the 'records' that have been successfully requested under the reactive provision."). Nor have plaintiffs alleged that the USDA or FSIS have made a determination that the records released to plaintiffs have been or are likely to be the subject of multiple requests. People for Ethical Treatment of Animals, 285 F. Supp. 3d at 315 (PETA has failed to allege that "the Department has determined the records have been or are likely to be the subject of multiple requests."). For the foregoing reasons, plaintiffs have failed to state a claim under FOIA's reading room provision and their complaint should be dismissed.

## POINT II

### THE COURT LACKS JURISDICTION OVER PLAINTIFFS' DEMAND FOR INJUNCTIVE RELIEF

**A.**     **Standard of Review on a 12(b)(1) Motion**

Plaintiff bears the burden of establishing this Court's subject matter jurisdiction. Luckett v. Bure, 290 F.3d 493, 496- 497 (2d Cir. 2002). Plaintiff also bears this burden when sovereign immunity is invoked on a motion to dismiss for lack of subject matter jurisdiction. Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir. 2004) (quoting Garcia v. Akwesasne Housing Authority, 268 F.3d 76, 84 (2d Cir. 2001)). While "a motion to dismiss for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is reviewed under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)," [Pennacchio ex rel. Old World Brewing Company, Inc. v. Powers, No. 05-CV-0985, 2007 WL 446355 (E.D.N.Y. Feb. 5, 2007)], "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Financial Services Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

**B.**     **Applicable Law**

FOIA's enforcement provision grants power to the district courts to "enjoin the agency from withholding agency records and to order the production of any agency records improperly *withheld from the complainant*."  5 U.S.C. § 552(a)(4)(B) (emphasis added). Because of the use of the phrase "withheld from the complainant" in § 552(a)(4)(B), the D.C. Circuit has held that the injunctive powers contained in § 552(a)(4)(B) are limited to ordering the production of records to the *plaintiff*.  Kennecott, 88 F.3d at 1202-03; Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice, 846 F.3d 1235, 1243 (D.C. Cir. 2017) (reaffirming holding in Kennecott).  The Kennecott and CREW courts held that § 552(a)(4)(B) does not apply to §§ 552(a)(1) or 552(a)(2), the latter of which is FOIA's reading room provision at issue here.  As the D.C. Circuit explained, "§ 552(a)(4)(B) is aimed at relieving the injury suffered by the individual complainant, not by the general public." Kennecott, 88 F.3d at 1203; see also Public Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 449, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989) (noting that the FOIA redresses the injury of those who "sought and were denied specific agency records").  Thus, a district court lacks authority to impose a mandatory injunction ordering the federal government to make records available to the general public under § 552(a)(4)(B).

**C.**     **Discussion**

Here, plaintiffs seek declaratory and injunctive relief.  Dkt. # 1, p. 18.  The injunctive relief plaintiffs seek is a mandatory injunction ordering the posting of material onto the internet under FOIA's reading room provision.  Dkt. # 1, p. 18, ¶¶ 4-5 ("Order Defendants to make all non-exempt information at issue in this case publicly available for inspection in

an electronic format by posting the information on Defendants' website"). Thus, plaintiffs' are requesting relief that is unavailable under FOIA per Kennecott and CREW. Accordingly, plaintiffs' request for injunctive relief should be stricken from the complaint.[2]

## POINT III

## ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT OF COLUMBIA

**A.    Applicable Law**

"As a general rule, the proper venue of an action in federal court is determined by federal venue statutes." Nordkol/Fibercore, Inc. v. Gubb, 279 F. Supp. 2d 993, 999 (E.D. Wis. 2003) (citations omitted). "[T]he purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 183-84, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). In a suit brought under FOIA, venue is proper "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia …." 5 U.S.C. § 552(a)(4)(B). Because FOIA has its own specific venue provision, the general venue provisions of 28 U.S.C. § 1391 do not apply. Pickard v. Dep't of Justice, No. C 10-05253 LB, 2011 WL 2199297, at *2 (N.D. Cal. June 7, 2011). A plaintiff bears the burden of pleading venue. Cold Spring Harbor Lab. v. Ropes & Gray LLP, 762 F.Supp.2d 543, 551 (E.D.N.Y.2011).

---

[2] Plaintiffs request for injunctive relief also seeks an order directing defendants to post on their website "in the future as soon as possible after such information is generated or obtained by Defendants and without waiting for individual FOIA requests for such information." Dkt. # 1, p. 18, ¶ 5. However, FOIA does not apply to documents that have not yet been created. Lipton, 316 F. Supp. 3d at 249-257 ("records must already exist at the time of a search to be eligible for release under § 552(a)(3)" and subsequently eligible for publication under § 552(a)(2)(D)). Also, FOIA requires exhaustion of administrative remedies, and, thus, a reading room claim cannot be made absent a prior FOIA request. Animal Legal Def. Fund v. United States Dep't of Agric., No. 17-CV-00949-WHO, 2017 WL 2352009, at *6-7 (N.D. Cal. May 31, 2017).

Here, plaintiff Farm Sanctuary alleges that its principal place of business is in Watkins Glen, New York (Dkt. # 1, p. 1), which lies within this judicial district. W.D.N.Y. Local Rules, p. 5 (territorial jurisdiction of the W.D.N.Y. includes Schuyler County). Accordingly, venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

However, even where venue is proper, a defendant may move to transfer venue to another district under 28 U.S.C. § 1404(a). Pinson v. U.S. Dep't of Justice, 74 F. Supp. 3d 283, 291 (D.D.C. 2014) ("section 1404 permits transfer even when venue is proper"). Section 1404(a) provides in pertinent part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ...." 28 U.S.C. § 1404(a). "In determining whether to transfer venue, courts examine: (1) whether the action could have been brought in the proposed forum; and (2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." EasyWeb Innovations, LLC v. Facebook, Inc., 888 F.Supp.2d 342, 347 (E.D.N.Y.2012) (citation omitted). "Factors considered in determining whether a transfer is justified include: '(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" Flores v. United States, 142 F. Supp. 3d 279, 286–87 (E.D.N.Y. 2015) (quoting N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir.2010). "No one factor is outcome determinative." Flores, 142 F.Supp.2d at 287 (citations omitted). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir.2006)

(citations omitted).  "The burden of obtaining a venue change lies with the party seeking the transfer" and it must show by "clear and convincing evidence that the balance of convenience strongly favors the alternate forum."  Flores, 142 F.Supp.2d at 287 (citations and internal quotation marks omitted).

**B.**     **Discussion**

Here, as an initial matter, this suit could have been brought in the District of Columbia because: (i) plaintiff Animal Welfare Institute has its principal place of business in Washington, D.C. (Dkt. # 1, p. 1); (ii) the records at issue are alleged to be located in Washington, D.C. (Dkt. # 1, ¶¶ 6-7); and (iii) under the FOIA venue statute, the District of Columbia is the default district for the litigation of FOIA cases.  5 U.S.C. § 552(a)(4)(B). Concerning the convenience factors, significantly, the only connection between the facts underlying this action and this judicial district is the principal place of business of plaintiff Farm Sanctuary.  The other plaintiff, Animal Welfare Institute, has its principal place of business in Washington, D.C., as do both federal government defendants.  Dkt. # 1, pp. 1. The records at issue in this FOIA suit are alleged to be within the "possession and control" of USDA and FSIS, which are both located in Washington, D.C.  Dkt. # 1, ¶¶ 6-7.  Moreover, there would be no prejudice to plaintiff Farm Sanctuary to have this case litigated in the District of Columbia as its counsel is also located in Washington, D.C.  Dkt. # 1, p. 18. Accordingly, the most convenient forum for the litigation of this dispute is the District of Columbia.  Therefore, if the Court does not dismiss plaintiffs' complaint, defendants' alternative motion to transfer venue should be granted.

## **CONCLUSION**

This action should be dismissed or, in the alternative, transferred to the District Court for the District of Columbia.

DATED: Buffalo, New York, September 26, 2018

                              JAMES P. KENNEDY, JR.
                              United States Attorney


                              ___*S/Michael S. Cerrone*_____
BY:   MICHAEL S. CERRONE
       Assistant U.S. Attorney
       U.S. Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716-843-5851
       michael.cerrone@usdoj.gov